IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT JAMAINE GRICE, #251396, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:24-cv-322-ECM-JTA (WO) |
| ALABAMA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. (Doc. No. 1.) The Complaint is now before the Court for screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1] Upon review, the Court finds the Complaint contains deficiencies that must be remedied before this case can proceed.

First, Plaintiff names the Alabama Department of Corrections ("ADOC") and Staton Correctional Facility as defendants. However, neither a State nor any of its agencies or departments—such as the ADOC—can be sued unless the State has waived its Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. Similarly, because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, the Court must review his pleading(s) under 28 U.S.C. § 1915A. Under that statute, the Court must dismiss a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

(1984), or Congress has abrogated the immunity, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996). The Eleventh Circuit has specifically recognized that "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abrogated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)); *see also Scott v. Ala. Dep't of Corr.*, No. 09-0590, 2010 WL 500429, at *2 (S.D. Ala. Feb. 3, 2010) (explaining that an ADOC correctional facility does not have a legal existence apart from the ADOC and is not a "person" subject to suit under § 1983). Accordingly, these defendants are due to be dismissed.

Second, although Plaintiff names at least two additional individuals as defendants, he fails to state factual allegations regarding either of them. The Eleventh Circuit has demonstrated that dismissal of defendants is proper where a complaint fails to state any allegations that associate the named defendants with a constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. Puerto Rico Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that a pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (citation omitted). Accordingly, at present, these defendants are also due to be dismissed.

Finally, to the extent Plaintiff requests his "freedom" or release from incarceration, such relief is not cognizable in a § 1983 action, as "habeas corpus is the exclusive remedy

for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *see also Mitschell v. Donald*, 213 F. App'x 920, 923 (11th Cir. 2007) ("[T]he district court correctly concluded that [plaintiff's] attempt to use § 1983 to obtain immediate release from prison was improper.") (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) and *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Thus, the Court cannot grant this stated request for relief.

Accordingly, if Plaintiff wishes to proceed with this action, it is

ORDERED that, on or before **August 23, 2024**, Plaintiff must file an amended complaint that:

1. Names as defendants only those individuals he contends are personally responsible for the alleged violations of his constitutional rights.

2. Specifically describes how each named defendant acted, or failed to act, in a manner that deprived Plaintiff of his constitutional rights.

3. Presents a short and plain statement of the claim showing that Plaintiff is entitled to relief and that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted); Fed. R. Civ. P. 8(a)(2).

Plaintiff is ADVISED that the amended complaint will supersede the original Complaint, and this case will proceed only on the claim(s) presented and against the defendant(s) named therein.

To aid Plaintiff in filing a response to this Order, the Clerk is DIRECTED to provide him with a copy of the Court's standard § 1983 complaint form. Plaintiff must use this form in filing his amended complaint. Plaintiff is cautioned that, if he fails to file an amended complaint in compliance with this Order, the undersigned Magistrate Judge will recommend that this action be dismissed.

DONE this 9th day of August, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE